UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————————

SMART 7 CORPORATION,

              Plaintiff,

-v-

UNITED STATES OF AMERICA,
UNITED STATES OF AMERICA
DEPT. OF AGRICULTURE, FOOD
and NUTRITION SERVICE,

              Defendants.

———————————————————————

1:23-CV-00653-JLS-MJR

REPORT and RECOMMENDATION

This case has been referred to the undersigned by the Hon. John L. Sinatra, Jr. pursuant to 28 U.S.C. §636(b)(1) for all pre-trial matters and to hear and report upon dispositive motions. Before the Court is a motion to dismiss brought by Defendants United States of America and United States Department of Agriculture, Food and Nutrition Service ("USDA") under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. No. 3). In the alternative, Defendants move for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. (*Id.*). For the following reasons, it is recommended that Defendants' motion to dismiss be granted.

## BACKGROUND and PROCEDURAL HISTORY[1]

Plaintiff Smart 7 Corporation is a retail grocery store located in Rochester, New York. Plaintiff is an authorized retailer participating in the Supplemental Nutrition Assistance Program ("SNAP"), a federal program administered by the USDA to assist

---

[1] The facts in this section are taken from Plaintiff's Complaint and the documents annexed thereto (Dkt. No. 1), and are assumed to be true for purposes of this motion.

low-income families with food and nutrition needs. *See* 7 U.S.C. § 2011, *et seq*. Plaintiff seeks judicial review of the USDA's revocation of its SNAP participation eligibility resulting from an enforcement action pursuant to 7 C.F.R. § 279.7 and 7 U.S.C. § 2023. (Dkt. No. 1, ¶¶ 1, 28-29).

In February 2022, the USDA conducted a covert investigation of Smart 7 to ensure the store's compliance with SNAP regulations. (Dkt. No. 1-4). The USDA determined that between February 11, 2022 and February 21, 2022, several regulatory violations had occurred at the store. (*Id.*, pg. 6). Namely, the USDA found that Smart 7 had unlawfully accepted SNAP benefits for ineligible non-food items on four occasions during the investigation. (*Id.*, pgs. 7-13). By letter dated March 28, 2022, the USDA informed Plaintiff that it was in violation of Section 278.2(a) of the SNAP regulations, which corresponds to 7 C.F.R. part 284. (*Id.*, pgs. 1-2).

On May 2, 2022, Plaintiff replied to the charge letter, denying the violations and requesting additional information. (Dkt. No. 1-5). On May 10, 2022, the USDA issued a letter affirming the charges and temporarily disqualifying Plaintiff from SNAP for a period of 6 months in accordance with Section 278.6(a) and (e) of the SNAP regulations. (Dkt. No. 1-6). The disqualification letter explained that Plaintiff was ineligible for payment of a hardship civil money penalty in place of disqualification "because there are other authorized retail stores in the area selling as large a variety of staple foods at comparable prices." (*Id.*) (citing 7 C.F.R. 278.6(f)(1)). The letter also advised that the disqualification would become effective within 10 days unless a written request for review was timely submitted. (*Id.*).

Plaintiff then requested administrative review of the disqualification decision. (Dkt. No. 1-7). On May 1, 2023, the USDA issued a Final Agency Decision which affirmed the disqualification. (Dkt. No. 1-10, pgs. 4-10). The Agency concluded that "the violations as described in the letter of charges did in fact occur at Smart 7 Corporation [] warranting a disqualification of six months in accordance with 7 CFR§ 278.6(e)(5)." (*Id.*, pg. 11). The Decision explained the Agency's consideration of the issues and advised that the disqualification would become effective 30 days after Plaintiff's receipt of the letter. (*Id.*). It directed Plaintiff to Section 14 of the Food and Nutrition Act (7 U.S.C. § 2023) and the applicable regulations (7 C.F.R. § 279.7) for information regarding its judicial appeal rights. (*Id.*).

Also on May 1, 2023, the USDA delivered the Final Agency Decision to Plaintiff by email at yazanservice@gmail.com and to Plaintiff's counsel by email at phil@law-WNY.com. (Dkt. No. 1-10, pg. 1). Plaintiff alleges that neither Plaintiff nor its attorney received the Final Agency Decision "by personal delivery, which is usually done from the USDA with UPS delivery." (Dkt. No. 1, ¶ 19).

On July 6, 2023, Plaintiff commenced this action by filing a complaint in the District Court. (Dkt. No. 1). Plaintiff alleges that the USDA's Decision is arbitrary and capricious and will cause monetary losses to its business. (*Id.*, ¶¶ 21-22, 27). The complaint asks the Court to review and set aside the Final Agency Decision and reinstate Plaintiff's participation in SNAP. (*Id.*).

On September 11, 2023, Defendants moved to dismiss Plaintiff's complaint, or in the alternative, sought summary judgment in their favor. (Dkt. No. 3). Plaintiff filed a memorandum in opposition to the motion, (Dkt. No. 5), to which Defendants replied (Dkt.

No. 6). On October 31, 2023, the Court heard oral argument on the motion to dismiss. At that time, the Court considered the matter submitted for report and recommendation.

## DISCUSSION

I.  **Rule 12(b)(1) Standard**[2]

As a threshold matter, a court must determine whether it has subject matter jurisdiction over a plaintiff's claims. *Foster-Bey v. Potter*, 296 F. Supp. 2d 195, 201 (D. Conn. 2003). "A court faced with a motion to dismiss pursuant to both Rules 12(b)(1) and 12(b)(6) must decide the jurisdictional question first because a disposition of a Rule 12(b)(6) motion is a decision on the merits and, therefore, an exercise of jurisdiction." *Mann v. New York State Court of Appeals*, 21-CV-49, 2021 U.S. Dist. LEXIS 209018, *8 (N.D.N.Y. Oct. 29, 2021) (citation omitted).

A claim is "properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). The plaintiff bears the burden of "showing by a preponderance of the evidence that subject matter jurisdiction exists." *APWU v. Potter*, 343 F.3d 619, 623 (2d Cir. 2003). A court must accept as true all material factual allegations in the complaint, but "jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998). A court may refer to evidence outside the pleadings when resolving questions of

---

[2] Defendants have moved, in the alternative to dismissal, for an award of summary judgment in their favor under Fed. R. Civ. P. 56. However, the Court has reviewed Defendants' arguments and applied the Rule 12(b) standards for a motion to dismiss.

jurisdiction under Rule 12(b)(1). *See Luckett v. Burre*, 290 F.3d 493, 496-97 (2d. Cir. 2002) (citations omitted).

## II.     Rule 12(b)(6) Standard

A defendant may move to dismiss a complaint on the ground that the complaint fails to state a claim on which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). In order to state a claim on which relief can be granted, a complaint must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). In reviewing a complaint in the context of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept as true all factual allegations and draw all reasonable inferences from those allegations in favor of the plaintiff. *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). Specifically, a complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The Supreme Court has further instructed that "[d]etermining whether a complaint states a plausible claim for relief...requires the...court to draw on its judicial experience and common sense...[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief." *Bell Atl. Corp.*, 550 U.S. at 679.

Review of a Rule 12(b)(6) motion is generally limited to the facts and allegations that are contained in the complaint and in any documents that are either incorporated into

the complaint by reference or attached to the complaint as exhibits. *See Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 217 (2d Cir. 2004). The Court may consider: "(1) the facts alleged on the face of the complaint; (2) documents attached to the complaint as exhibits; (3) documents incorporated in the complaint by reference; and (4) matters of which the court may take judicial notice." *Lightner v. Wenderlich*, 271 F. Supp. 3d 445, 453 (W.D.N.Y. 2017).

### III.   Application

The Court must first determine whether it has jurisdiction to hear Plaintiff's claims. "The United States, as sovereign, is immune from suit save as it consents to be sued […], and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586 (1941). "Any waiver of the government's sovereign immunity is to be strictly construed in favor of the government." *Long Island Radio Co. v. NLRB*, 841 F.2d 474, 477 (2d Cir. 1988). "Where a statute authorizing a claim against the United States contains time limits for filing the claim, those limits set the temporal boundaries of the consent to be sued; they grant the tribunal in which the claim is to be filed jurisdiction to entertain only those claims that are filed within the time allowed by the statute." *Id*. A valid claim of sovereign immunity, absent waiver, deprives the district court of subject matter jurisdiction. *See Makarova*, 201 F.3d at 113-14 ("The doctrine of sovereign immunity is jurisdictional in nature").

### *Complaint was Filed After the 30-Day Jurisdictional Time Bar*

For the following reasons, the Court finds that Plaintiff's complaint must be dismissed for lack of subject matter jurisdiction because this action was not timely brought in accordance with 7 U.S.C. § 2023(a). Pursuant to § 2023(a)(13) of the Food and

- 7 -

Nutrition Act, a retailer aggrieved by an administrative decision regarding participation in SNAP may bring an action for judicial review against the United States in a district court "within thirty days after the date of **delivery or service** of the final notice of determination upon it, requesting the court to set aside such determination." (emphasis added); *see also* 7 C.F.R. § 279.7(a) ("The complaint must be filed within 30 days after the date of delivery or service upon the firm of the notice of determination […]."). The statute further provides that a notice of disqualification, penalty, or other administrative action "shall be delivered by any form of delivery that the Secretary determines will provide evidence of the delivery." 7 U.S.C. § 2023(a)(2).

This statutory language acts as a limited waiver of the sovereign immunity typically enjoyed by the United States. *See Capellan v. United States*, 17-CV-9342, 2020 U.S. Dist. LEXIS 37494, at *6 (S.D.N.Y. Mar. 4, 2020). Accordingly, "District Courts lack jurisdiction to review SNAP disqualification determinations [or civil money penalties] if the complaint is filed more than thirty days after the plaintiff is served with the determination that he seeks to review." *68th St. Gourmet Deli Corp v. United States Dep't of Agric.*, 22-CV-5356, 2022 U.S. Dist. LEXIS 209636, at *3 (E.D.N.Y. Nov. 18, 2022) (quoting *1976 J.J. Deli Grocery Corp. v. Food and Nutrition Serv.*, 20-CV-10203, 2021 U.S. Dist. LEXIS 112059 (S.D.N.Y June 15, 2021)).

Here, Plaintiff's complaint was filed more than 30 days after the USDA's delivery of the Final Agency Decision. Plaintiff's complaint itself reflects that the Final Agency Decision was delivered by email to Plaintiff and its attorney on May 1, 2023. (Dkt. No. 1-10, pg. 1). Defendants have also provided evidence that the USDA delivered a true and correct copy of the Final Agency Decision to the email addresses of record for Plaintiff

and Plaintiff's counsel on May 1, 2023. (*See* Declaration of Michelle Waters, Dkt. No. 3-1, ¶¶ 9-10). Indeed, on May 1, 2023, at 5:35 p.m., the USDA's server received automated delivery confirmations from Microsoft Outlook verifying that delivery of the email messages to those recipients was complete. (*Id.*, ¶¶ 12-13). The body of the email contained the following notice:

> USDA has completed its administrative review of your case. Please see the attached Final Agency Decision (FAD) for full details. For our records and for potential judicial review purposes, an e-mail delivery receipt feature is being used to confirm your receipt of the FAD. If the adverse action against your store has been sustained, the 30-day clock for filing a request for judicial review will begin on the day the FAD has been delivered to your e-mail mailbox.

(*Id.*, ¶ 11).

Based on the date of delivery, Plaintiff was required to file a complaint on or before May 31, 2023. Plaintiff's complaint was not filed until July 6, 2023. Because Plaintiff missed the 30-day statutory window to seek judicial review of the agency decision, sovereign immunity bars this suit. *See Ade v. United States*, 13-CV-2334, 2014 U.S. Dist. LEXIS 45104 (S.D.N.Y. Mar. 31, 2014) (dismissing SNAP complaint filed one day late); *Gonzalez v. U.S. Dep't of Agriculture, Food and Nutrition*, 12-CV-7932, 2013 U.S. Dist. LEXIS 117028 (S.D.N.Y. Aug. 16, 2013) (dismissing SNAP complaint filed more than 30 days after receipt of the final agency decision); *Mendez & DeJesus Grocery Store v. Food & Nutrition Serv.*, 97-CV-1099, 1997 U.S. Dist. LEXIS 6500 (S.D.N.Y. May 12, 1997) (same); *see also J.J. Deli Grocery Corp.*, 2021 U.S. Dist. LEXIS 112059 (same).

Plaintiff does not dispute that the notice and Final Agency Decision was sent and received by email on May 1, 2023, nor does it dispute the accuracy of the email addresses used for delivery. Instead, Plaintiff argues that delivery of the Final Agency Decision by

email does not fulfill the statutory meaning of "delivery or service" of notice under § 2023(a)(13). Plaintiff submits that neither term is defined by the statute, and that the use of email for agency decisions presents a case of first impression. Plaintiff further objects to the use of email delivery for the Decision on the basis that prior USDA communications, including the May 28, 2022 violation letter and the May 10, 2022 violation decision, were sent to Plaintiff's store via UPS delivery.

Contrary to Plaintiff's argument, at least two district courts have found email delivery of a final agency decision to meet delivery requirements under the statute. In *Mohammed v. U.S. Dept. of Agriculture*, the court stated: "[t]here is no dispute in this case that the Government delivered the Final Decision to plaintiff when it emailed them the decision on May 4, 2022." *See* 22-CV-4721, 2023 U.S. Dist. LEXIS 97889, at *5-7 (S.D.N.Y. June 6, 2023), There, even though plaintiff's counsel argued that he did not receive the email notice until the following day (from which date the action would have been timely), the court relied on the date of email delivery and dismissed the action for lack of subject matter jurisdiction. *See id.*

Similarly, in *Nephew Mini Market LLC v. United States*, 21-CV-2318, 2022 U.S. Dist. LEXIS 149019 (D. Md. Aug. 18, 2022), email delivery was also used. In that case, the final agency decision was delivered to plaintiff by email and the court found that plaintiff's action was subject to dismissal because the complaint was filed four days past the 30-day deadline. *Id.*, at *30, 60. Although Plaintiff relies on *Nephew Mini Market* to suggest that a physical means of transport for delivery must be inferred, no such holding is found in that decision.

Moreover, the statutory language requires that notice of administrative action must be given "by any form of delivery that the Secretary determines will provide evidence of the delivery." *See* § 2023(a)(2). The statute does not otherwise specify a form of delivery. Certainly, the USDA's use of email, with electronic delivery confirmation, conforms with the plain language of the statute.[3]

"[T]he majority of courts [...] have found that 7 U.S.C. § 2023(a) is a jurisdictional provision constituting a limited waiver of sovereign immunity and is not subject to tolling." *Ade*, 2014 U.S. Dist. LEXIS 45104, at *6 (collecting cases). However, it is noted that some courts in the Ninth Circuit have held that failure to comply with § 2023(a)(13)'s judicial review deadline does not automatically bar suit. *See Singh v. United States*, 20-CV-1640, 2021 U.S. Dist. LEXIS 1247, *3-4 (S.D. Cal. Jan. 4, 2021). Those courts have relied on *United States v. Kwai Fun Wong*, 575 U.S. 402, 412 (2015), in which the Supreme Court reaffirmed the "general rule" that equitable tolling is available in suits against the Government. *Id.* Accordingly, they found that § 2023(a)(13)'s thirty-day deadline may be equitably tolled. *See Singh*; *Elat Supermarket v. United States,* 23-CV-1157, 2023 U.S. Dist. LEXIS 160621, at *6 (C.D. Cal. Sept. 11, 2023) (viewing § 2023(a)(13) as non-jurisdictional and evaluating whether the 30-day statute of limitations should be equitably tolled under the circumstances); *Joseph v. United States*, 505 F. Supp. 3d 977, 981 (N.D. Cal. 2021) (concluding that "[n]othing in Section 2023(a) precludes tolling" and allowing

---

[3] Defendants further offer that the Food and Nutrition Act provides that the 30-day period runs from the date of "delivery or service" of the final agency decision, not from the date of receipt. *See Mohammed*, 2023 U.S. Dist. LEXIS 97889, at *5 (stating that receipt of email is irrelevant because the statutory timing is based on "date of delivery or service"). In this case, however, the Microsoft Outlook delivery confirmations from the USDA email account show that the decision was both delivered and received on May 1, 2023. In fact, Plaintiff has not actually argued that the notice was not received. Nor has Plaintiff argued that the notice was not received until a later date.

tolling in light of the extraordinary circumstances present at the start of the COVID-19 pandemic).

However, even if this Court were to find that equitable tolling is available under § 2023, which is has not, Plaintiff has not established, or even argued, that it would be entitled to tolling. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Credit Suisse Sec. (USA) LLC v. Simmonds*, 566 U.S. 221, 227 (2012). Plaintiff has not shown "rare and exceptional circumstances," nor that it was "prevented in some extraordinary way from exercising [its] rights." *Zerilli-Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003). A plaintiff's failure to act diligently is not a reason to invoke equitable tolling. *See South v. Saab Cars USA, Inc.*, 28 F.3d 9, 12 (2d Cir. 1994).

Thus, Plaintiff has not met its burden to establish jurisdiction by a preponderance of the evidence. For these reasons, the Court concludes that Plaintiff's complaint should be dismissed for lack of subject matter jurisdiction.

### *USDA Must be Dismissed as a Defendant*

In the alternative to dismissal of the complaint in its entirety, the Court finds that the USDA must be dismissed as a defendant. "The United States has not waived the defense of sovereign immunity with respect to claims brought against the USDA, [the Food and Nutrition Service], or its officials under the [Food Stamp Act]. The FSA provides for suits only 'against the United States'; therefore, the only proper defendant … is the United States." *Arias v. United States*, 13-CV-8542, 2014 U.S. Dist. LEXIS 137429, at *34-35 (S.D.N.Y. Sept. 29, 2014) (collecting cases); *see 1976 J.J. Deli Grocery Corp.*,

2021 U.S. Dist. LEXIS 112059, at *3 (stating that the only proper party defendant is the United States); *Capellan*, 2020 U.S. Dist. LEXIS 37494, at *6 (dismissing claims against the Secretary of Agriculture or the Department of Agriculture because the United States has not waived its sovereign immunity with respect to claims asserted against those parties); *Muazeb v. United States*, 17-CV-6754, 2019 U.S. Dist. LEXIS 58472, at *18 (S.D.N.Y. Mar. 28, 2019) ("Although the United States has waived its sovereign immunity with respect to claims seeking the judicial review of the type of final agency determination at issue here, *see* 7 U.S.C. § 2023(a)(13), 7 C.F.R. § 279.7, it has not waived its sovereign immunity with respect to claims asserted against the USDA").

Thus, in the alternative to dismissal of the complaint, it is recommended that the USDA be dismissed as a party to this action.

## CONCLUSION

For the foregoing reasons, it is recommended that Defendants' motion to dismiss be granted and Plaintiff's complaint be dismissed with prejudice.

Pursuant to 28 U.S.C. §636(b)(1), it is hereby ORDERED that this Report and Recommendation be filed with the Clerk of Court.

Unless otherwise ordered by Judge Sinatra, any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a), and 6(d) of the Federal Rules of Civil Procedure, and Local Rule of Civil Procedure 72. Any requests for an extension of this deadline must be made to Judge Sinatra.

***Failure to file objections, or to request an extension of time to file objections, within fourteen days of service of this Report and Recommendation WAIVES THE***

**RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.** See *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989).

The District Court will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the Magistrate Judge in the first instance. *See Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988).

Pursuant to Local Rule of Civil Procedure 72(b), written objections "shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority." **Failure to comply with these provisions may result in the District Court's refusal to consider the objection.**

SO ORDERED.

Dated:   July 8, 2024
         Buffalo, New York

_____
MICHAEL J. ROEMER
United States Magistrate Judge